IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20599
Summary Calendar
_____

FIRST LAKE CORPORATION, substituted
for Federal Deposit Insurance Corporation,

                                        Plaintiff-Appellee,

versus

SALIH M. YILMAZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-1523
- - - - - - - - - -
May 14, 1996

Before KING, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Salih M. Yilmaz appeals the grant of summary judgment for the plaintiff in an action to recover on a promissory note. Yilmaz argues that his summary judgment evidence, the affidavit of his accountant/business adviser, was proper evidence which raised a question of material fact concerning whether the Federal Deposit Insurance Corporation accelerated the promissory note,

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

which had the legal effect of beginning the running of limitations.

To establish his affirmative defense of the running of limitations, and thus to defeat the FDIC's summary judgment motion, Yilmaz had the burden to establish valid acceleration and its necessary precondition, default. Yilmaz relies on the affidavit of Jordan Fruehauf, his accountant/business adviser. Fruehauf attested that "Yilmaz made two or three payments on the note after the FDIC was appointed as the liquidator, but ceased payments thereafter and the note was in default. The fact was confirmed to [Fruehauf] by a representative of the FDIC." The affidavit fails to give the dates of the specific payments or the dates for which payments were not made and it has no supporting exhibits, such as business records or bank statements. The FDIC relies on the amended affidavit of Victor Black, the account officer assigned by the FDIC to monitor Yilmaz' case. Black's affidavit attests to the facts that the note matured on May 5, 1988; that the last payment received on the note was dated August 1, 1988; that Yilmaz defaulted on the note on May 5, 1988; that Yilmaz sent notification to the FDIC, through Fruehauf, on August 27, 1988 to the effect that no further payments would be made by Yilmaz until the FDIC renegotiated the loan; and that formal demand for the entire unpaid principal amount of the note and all accrued interest was made to Yilmaz by the FDIC by letter dated August 20, 1991. Fruehauf's vague affidavit is not enough to

2

create a fact issue about the maturity date of the note and the date the statute of limitations commenced to run.

Because Yilmaz failed to carry his summary judgment burden in demonstrating a genuine dispute of material fact on his affirmative defense of limitations, the district court's grant of summary judgment is AFFIRMED.